In re JONES.
Patent Appeal No. 2989.

Court of Customs and Patent Appeals.
May 23, 1932.

Ivan P. Tashof, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner in rejecting all of appellant's claims in his application for a patent for what is referred to as a detergent article, into which soap is placed, for use in the bath and elsewhere.

Appellant's device forms a solid chamberless sponge when it is empty. It is made by cementing the edges of two pieces of rubber, the flat sides of which fit together. A part of one end and the center of the two pieces are not cemented together, resulting in an opening for the soap to pass through and into the center. A receptacle for the soap in the interior of the sponge is thereby formed. As the soap becomes smaller, the elastic walls come nearer together, and when the soap is entirely removed, the sponge article as a whole is still usable and does not collapse. With this article, very small pieces of soap can be used.

The rejected claims are as follows:

"16. A detergent article comprising in combination, an envelope consisting of two layers of sponge material secured together at flat surfaces to form a pocket, and detergent material in said pocket.

"17. A refillable detergent article comprising in combination two layers of material secured together at coincident surfaces to form a pocket between them and an opening for said pocket, one of said layers comprising a porous spongy soft and resilient substance."

"19. A refillable detergent article comprising in combination two separate flat slabs of sponge rubber secured together at the periphery of the slabs to form a pocket between the slabs, the securing of the two slabs being incomplete about the edges to leave an opening into the pocket of less width than the pocket."

"21. A refillable detergent article comprising a sponge envelope having when empty a detergent receiving pocket the sides of which are normally in contact to form a solid sponge, said pocket having a constricted opening to the exterior of the sponge."

"24. A refillable detergent article comprising an envelope of sponge material having at the periphery a thickness of material not greater than the total thickness over the pocket area."

The references relied upon are:
Weston, 837,759, December 4, 1906.
Hobbs, 1,326,265, December 30, 1919.
Dessau, 1,469,917, October 9, 1923.
Henry, 1,577,861, March 23, 1926.

Henry and Weston each contains a chamber for the soap which chamber is rectangular and has perpendicular walls. This chamber is collapsible when empty or when containing a piece of soap smaller than is required to fit the chamber. In Weston, Henry, and Hobbs, the opening is secured by metal attachments.

Dessau shows a flat envelope consisting of a sheet of raw crepe rubber secured together along the edges to form a pocket for the soap. The material used is not the ordinary sponge rubber. Holes are made in the crepe rubber layers to permit the water to pass through.

Hobbs' article is composed of an upper and a lower part, with a cavity in each, which are joined together by a metal ring.

It is conceded that no reference nor combination of the references completely anticipates appellant's invention. The board held that it would not require invention to so modify the structures in the references as to produce applicant's article.

We are of the opinion that the improvements made by appellant are useful and were not obvious, and that it required more than mechanical skill of one skilled in the art to make such improvements. At least there is considerable doubt as to whether or not the improvements were obvious, and we, under the well known rule, resolve such doubt in favor of the applicant.

We think the appealed claims are allowable, and the decision of the Board of Appeals is reversed.

Reversed.